# EXHIBIT A

# Commonwealth of Massachusetts
## County of Suffolk
### The Superior Court

CIVIL DOCKET#: _19-84CV03402-BIS2_

Case: _Kaufman + Co. vs Rowayton Venture Group et al_

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

Hereafter, as shown above, all parties must include the initials **"BLS2"** at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process with in the time limitation of Mass. R. Civ. P. Rule 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel.  Before the Rule 16 conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html for description of the Project).  Counsel may indicate their respective client's participation by completing, filing and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: _10/31/19_

notice sent
11.01.19
SJS
DAM
StLlp
(AAO)

_____
Justice of the Superior Court

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET#: _____

Case: _____

As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference.  For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at:
http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html)

If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

**Yes,** _____ is willing to participate in the Discovery Project.
(Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____          Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

Helen Foley, Asst. Clerk      **OR**      Richard V. Muscato, Jr., Asst. Clerk
BLS1, Room 1309                            BLS2, Room 1017
3 Pemberton Square                         3 Pemberton Square
Boston, MA 02108                           Boston, MA 02108

B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT
                                               CIVIL ACTION NO. _____ 19-3402-Bl57

KAUFMAN & COMPANY, LLC,                    )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )
                                           )
ROWAYTON VENTURE GROUP LLC,                )
ROWAYTON VENTURE GROUP R LLC,              )
ANDREW R. VINEYARD, DAVID CONTE, and       )
CHARLES BAUER,                             )
                                           )
            Defendants.                    )
                                           )

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED

OCT 3 0 2019

MICHAEL JOSEPH DONOVAN
CLERK OF COURT

## KAUFMAN & COMPANY, LLC'S
## CORPORATE DISCLOSURE STATEMENT

In accordance with Supreme Judicial Court Rule 1:21, Kaufman & Company, LLC makes

the following disclosures:

Kaufman & Company, LLC does not have a parent company and is not publicly traded.

No publicly held corporation owns 10% or more of its stock.

Respectfully submitted,

KAUFMAN & COMPANY, LLC,

By their attorneys,

Sara Jane Shanahan (BBO #567837)
David A. Michel (BBO #682122)
SHERIN AND LODGEN LLP
101 Federal Street

00924787.1

Boston, MA 02110
Tel: (617) 646-2000
sjshanahan@sherin.com
damichel@sherin.com

Dated: October 30, 2019

00924787.1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. ___19-3402___

|  |  |
|---|---|
| KAUFMAN & COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROWAYTON VENTURE GROUP LLC, | ) |
| ROWAYTON VENTURE GROUP R LLC, | ) |
| ANDREW R. VINEYARD, DAVID CONTE, and | ) |
| CHARLES BAUER, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.      Plaintiff Kaufman & Company, LLC ("Kaufman"), a Boston-based investment

banker and broker-dealer, brings this suit against Rowayton Venture Group LLC ("Rowayton"),

Rowayton Venture Group R LLC ("Rowayton R"), Andrew R. Vineyard ("Vineyard"), David

Conte ("Conte"), and Charles Bauer ("Bauer") (collectively, Vineyard, Conte, and Bauer are

referenced herein as "Management") to recover a fee that Kaufman has earned pursuant to the

parties' written engagement letter, but which defendants have failed and refused without excuse

to pay and deliver.

### PARTIES, JURISDICTION, AND VENUE

2.      Kaufman is a Massachusetts limited liability company with a principal place of

business at 100 Franklin Street, Suite 403, Boston, Massachusetts 02110.

1

3.      Rowayton is a Delaware limited liability company with a principal place of business at 43 Shields Road, Darien, Connecticut 06820; Rowayton's registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

4.      Rowayton R is a Delaware limited liability company with a principal place of business at 43 Shields Road, Darien, Connecticut 06820; Rowayton R's registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

5.      Vineyard is an individual who, upon information and belief, resides at 108 ½ Highland Avenue, Norwalk, Connecticut 06853.

6.      Conte is an individual who, upon information and belief, resides at 45 Cobbler's Mill Road, Sandy Hook, Connecticut 06482.

7.      Bauer is an individual who, upon information and belief, resides at 43 Shields Road, Darien, Connecticut 06820.

8.      This Court has long-arm jurisdiction over all defendants pursuant to G.L. c. 223A, § 3.

9.      Venue is appropriate in this Court pursuant to G.L. 223, § 8 and G.L. c. 212, § 3 because Kaufman is a limited liability company that has a usual place of business in Suffolk County, and the amount in controversy exceeds $25,000.

## FACTS

10.     Kaufman is a Boston-based investment banking firm and broker-dealer. Since 1978, Kaufman has been serving the investment banking needs of growth and middle-market companies.

11.     In the Spring of 2019, Kaufman's principals became acquainted with Vineyard, Conte, and Bauer. Management expressed a desire to engage Kaufman to represent their

2

interests with regard to a potential transaction to finance the acquisition of certain assets through Rowayton and/or an affiliate.

12.     On May 2, 2019, a principal of Kaufman and Rowayton entered into a Mutual Confidentiality and Non-Disclosure Agreement (the "NDA").

13.     On May 17, 2019, Rowayton and/or "any entity formed by you as an acquisition vehicle" retained Kaufman to act as Rowayton, Rowayton R, and Management's "exclusive financial advisor in connection with" a potential transaction. The terms of the engagement were set forth in a letter written by Kaufman that was counter-signed by Rowayton (the "Engagement Letter").[1]

14.     The Engagement Letter provided, in relevant part: "In consideration of our services as your financial advisor and in carrying out the duties described above, Management and the Acquiror agree to pay Kaufman as follows: i) **Transaction Fee**. Upon the closing of each Transaction [including a cash fee and a participation fee]... and ii) **Expense Reimbursement** ...."

15.     The Engagement Letter further provided: "The Acquiror agrees to indemnify Kaufman in accordance with the attached Schedule A."

16.     Following execution of the Engagement Letter, Kaufman took steps to perform the services outlined in the Engagement Letter, and introduced Management to potential investors, one of which later did invest (through its affiliates) in the contemplated transaction (the "Investor").

---

[1]   Due to the broad terms of the NDA, Kaufman has not attached the Engagement Letter or subsequent transaction documents to the Complaint.

00924297.5

17.     On or about July 29, 2019, following negotiations assisted by Kaufman, Rowayton, Rowayton R, Management, and the Investor entered into a Term Sheet for a transaction of the type contemplated by the Engagement Letter (the "Transaction").

18.     After executing the Term Sheet, Rowayton, Rowayton R, Management, and the Investor continued to negotiate toward a closing of the Transaction.  During these post-Term Sheet negotiations, however, Rowayton, Rowayton R, and Management failed to keep Kaufman apprised of the status of negotiations and the timing of the upcoming closing.

19.     In or about September 2019, Kaufman learned that Rowayton, Rowayton R, and Management had closed the Transaction with the Investor on or about August 30, 2019.

20.     Rowayton, Rowayton R, and Management all concealed the fact of the closing and the final terms of the Transaction from Kaufman until after the closing had taken place.

21.     Rowayton, Rowayton R, and Management all failed to pay the cash fee that was due to Kaufman upon the closing pursuant to the Engagement Letter.

22.     Rowayton, Rowayton R, and Management all failed to pay the participation fee that was due to Kaufman upon the closing pursuant to the Engagement Letter.

23.     After numerous requests for the closing documents, on or about September 24, 2019, Conte provided Kaufman with copies of certain closing documents related to the Transaction.

24.     Following review of the closing documents provided by Conte, Kaufman prepared and issued an invoice seeking payment for the overdue cash fee and expenses, and delivery of the overdue participation fee.

25.     With regard to the participation fee, the Engagement Letter, as applied to the Transaction, provided that Kaufman would receive 3% of the membership interest in Rowayton

4

that Management retained following closing of the Transaction. Despite this term, defendants closed the Transaction behind Kaufman's back and failed to provide Kaufman with any membership interest whatsoever.

26.     In response to the invoice, the defendants still failed to pay the cash fee and expenses to Kaufman.

27.     In addition, rather than agreeing to provide membership interests to Kaufman, as required by the Engagement Letter when applied to the Transaction, Management offered to pay Kaufman 3% of certain distributions that Management might receive in the future.

28.     Kaufman rejected this alternative proposal and, on or about October 14, 2019, once again demanded payment of the cash fee and outstanding expenses, and delivery of the participation fee as called for by the Engagement Letter, in light of the terms of the closed Transaction.

29.     As of the date of the filing of this Complaint, the defendants have failed to make payment or deliver the membership interests in accordance with the Engagement Letter.

30.     Kaufman seeks its damages, injunctive, and equitable relief in light of the defendants' intentional, knowing, and deliberate breaches of the terms of the Engagement Letter.

## COUNT I

### Breach of Contract against All Defendants

31.     Kaufman restates and realleges the allegations set forth in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     Kaufman and the defendants entered into the Engagement Letter as of May 17, 2019.

5

33.     The Engagement Letter provided, in relevant part:  "In consideration of our services as your financial advisor and in carrying out the duties described above, Management and the Acquiror agree to pay Kaufman as follows: i) **Transaction Fee**.  Upon the closing of each Transaction [including a cash fee and a participation fee]… and ii) **Expense Reimbursement** …."

34.     The Engagement Letter further provided:  "The Acquiror agrees to indemnify Kaufman in accordance with the attached Schedule A."

35.     Kaufman performed its duties under the Engagement Letter.

36.     A Transaction, as defined in the Engagement Letter, closed on or about August 30, 2019.

37.     Defendants have breached the Engagement Letter by failing to pay Kaufman the cash fee, participation fee, and expenses due and owing under the Engagement Letter and forcing Kaufman to file suit in order to recover amounts and membership interests owed.

38.     Defendants' breaches of the Engagement Letter have caused Kaufman to incur damages, including costs and attorneys' fees.

## COUNT II

### Breach of the Duty of Good Faith and Fair Dealing against All Defendants

39.     Kaufman restates and realleges the allegations set forth in paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.     Kaufman and the defendants entered into the Engagement Letter as of May 17, 2019.

41.     The defendants breached the duty of good faith and fair dealing implicit in the Engagement Letter by, among other things, concealing the fact and terms of the closing from

6

Kaufman, failing to pay Kaufman the cash fee at the closing, failing to provide for the

participation fee as part of the closing, refusing to pay the cash fee, participation fee, and

expenses following the closing, and forcing Kaufman to bring this suit in order to recover

amounts and membership interests owed.

42.     By their conduct, which was lacking in good faith, defendants have deprived

Kaufman of the benefits of the Engagement Letter and caused Kaufman to incur damages,

including costs and attorneys' fees.

## COUNT III

### Quantum Meruit against all Defendants

43.     Kaufman restates and realleges the allegations set forth in paragraphs 1 through

42 of this Complaint as if fully set forth herein.

44.     Kaufman provided services to the defendants in connection with the Transaction

that closed on or about August 30, 2019.

45.     The defendants were benefited by Kaufman's services, and therefore, Kaufman is

entitled to recover the fair value of its services, including costs and attorneys' fees.

## COUNT IV

### Unjust Enrichment against all Defendants

46.     Kaufman restates and realleges the allegations set forth in paragraphs 1 through

45 of this Complaint as if fully set forth herein.

47.     Kaufman provided services to the defendants in connection with the Transaction

that closed on or about August 30, 2019.

48.     The defendants will be unjustly enriched if they are not required to pay Kaufman

for the value of its services, in an amount to be determined at trial.

7

00924297.5

## COUNT V

### Violation of G.L. c. 93A against all Defendants

49. Kaufman restates and realleges the allegations set forth in paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. The parties are engaged in trade or commerce in Massachusetts.

51. The defendants' conduct is unfair and deceptive.

52. The defendants' unfair and deceptive conduct has occurred primarily and substantially in Massachusetts and has caused damage in Massachusetts.

53. The defendants' unfair and deceptive conduct has been willful and knowing.

54. The defendants' unfair and deceptive conduct has caused Kaufman to incur damages, including costs and attorneys' fees, and warrants imposition of double or treble damages.

## COUNT VI

### Equitable Relief against all Defendants

55. Kaufman restates and realleges the allegations set forth in paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. Kaufman seeks an order providing equitable relief such that it is put in the position it would have been in if defendants had honored their obligations under the Engagement Letter at the closing of the Transaction.

## COUNT VII

### Injunctive Relief against all Defendants

57. Kaufman restates and realleges the allegations set forth in paragraphs 1 through 56 of this Complaint as if fully set forth herein.

8

00924297.5

58.     Kaufman seeks an order providing injunctive relief such that it is put in the position it would have been in if defendants had honored their obligations under the Engagement Letter at the closing of the Transaction.

WHEREFORE, Kaufman respectfully requests that the Court:

1. Enter judgment in its favor on all Counts of the Complaint;

2. Award Kaufman its damages, along with double or treble damages;

3. Award Kaufman attorneys' fees, costs, and interest;

4. Order defendants to provide Kaufman or its designee(s) with the contractually provided for membership interests in Rowayton forthwith; and

5. Grant Kaufman such further relief as the Court deems just and proper.

**KAUFMAN & COMPANY, LLC DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

KAUFMAN & COMPANY, LLC,

By its attorneys,

Sara Jane Shanahan (BBO #567837)
David A. Michel (BBO #682122)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, MA 02110
Tel: (617) 646-2000
sjshanahan@sherin.com
damichel@sherin.com

Dated:  October 30, 2019

9

00924297.5

| NOTICE TO ATTORNEY GENERAL OF COMPLAINT ON CHAPTER 93A ACTION | DOCKET NUMBER<br>1984CV03402 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Kaufman & Company LLC vs. Rowayton Venture Group LLC | Michael Joseph Donovan, Clerk of Court |
|---|---|

| Attorney General<br>Consumer Protection Division<br>One Ashburton Place<br>Boston, MA 02108-1698 | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |
|---|---|

Pursuant to G.L. c. 93A, § 10, enclosed is a copy of the complaint seeking relief under G.L. c. 93A. The action was filed in this court on 10/30/2019.

| DATE<br>11/15/2019 | CLERK OF COURTS<br>Michael Joseph Donovan, Clerk of Court |
|---|---|

SCV089\ 02/2016